UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

        - against -　　　　　　　　　　**MEMORANDUM & ORDER**
　　　　　　　　　　　　　　　　　　　　00-CR-01085 (PKC)
CARLOS LOPEZ,

        Defendant.
------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

    Before the Court is Defendant Carlos Lopez's motion, pursuant to Federal Rule of Criminal Procedure 36, seeking return of the $100 Special Assessment fee he paid in connection with his 2002 conviction for obstruction of justice, which was subsequently overturned on appeal. *See United States v. Lopez*, 100 F. App'x 32 (2d Cir. 2004) (summary order). Defendant Lopez also seeks interest at the "average interest rate." (Motion to Correct, Dkt. 186, at 3.) For the reasons discussed below, Defendant's motion is granted in part and denied in part.

## BACKGROUND

    On December 3, 2002, Defendant was convicted of one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count I), one count of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count II), and one count of obstruction of justice for the murder of Edward Montalvo, in violation of 18 U.S.C. § 1512(a)(1)(C) (Count III). (Dkt. 109.) *See United States v. Lopez*, No. 00-CR-1085 (JG), 2002 WL 34387516 (E.D.N.Y. Dec. 3, 2002). Defendant was sentenced to life imprisonment. *Id.* On June 9, 2004, the Second Circuit reversed Defendant's conviction on Count III of the indictment. *See Lopez*, 100 F. App'x at 34; *United States v. Lopez*, 372 F.3d 86, 92 (2d Cir. 2004) (reversing Count III of the indictment on the basis of insufficiency of the evidence supporting Defendant's

1

conviction). On May 12, 2005, Judge Gleeson issued an amended judgment dismissing Count III, pursuant to the Circuit's decision, and again imposed a sentence of life imprisonment. (Dkt. 128.)

On November 4, 2019, Defendant filed a motion requesting that the Court return the $100 court-ordered Special Assessment fee, plus interest, that Defendant paid to the United States Bureau of Prisons in connection with his conviction on Count III of the indictment. (Dkt. 186.)

## DISCUSSION

Defendant has filed his motion pursuant to Federal Rule of Criminal Procedure 36, which permits a court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Under the "law of the case" rule, a district court is barred "from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals. However, if an issue was not part of an appellate decision, the district court may review the matter." *United States v. Minicone*, 26 F.3d 297, 300 (2d Cir. 1994) (internal quotation marks and citations omitted). Here, as Defendant has not previously requested a refund of the Special Assessment fee, the Court may review his claim and finds that Defendant is entitled to a refund of the $100 Special Assessment fee. *See United States v. Larkins*, 670 F. App'x 1, 1–2 (2d Cir. 2016) (Mem) (holding that defendant was entitled to a refund of $200 of the special assessment he paid on account of two counts of conviction that were subsequently vacated and dismissed).

The government has confirmed with the Clerk of Court that Defendant paid the full $300 special assessment for his three counts of conviction. (Dkt. 195, at 1.) Accordingly, because Count III was vacated and dismissed after Defendant's payment of the $300 amount, Defendant is entitled to a refund of the $100 he paid as the Special Assessment fee for Count III.

Defendant also seeks interest on the $100 at the "average interest rate." The Court, however, finds no support for that aspect of Defendant's request. *See Larkins*, 670 F. App'x at 1 (refunding only the $200 amount); *see also United States v. Sun Growers of Cal.*, 212 F.3d 603, 605 (D.C. Cir. 2000) (denying defendant corporation's request to receive interest on fine and special assessment paid for reversed convictions). Accordingly, the Court denies Defendant's request for interest.

## CONCLUSION

For the reasons stated herein, Defendant's motion is granted in part and denied in part. The Clerk of Court is respectfully directed to issue Defendant a refund of $100, payable, if possible, to his Bureau of Prisons' commissary account.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 12, 2020
  Brooklyn, New York